**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHARLES A. SIMMONS; NAHJA J. SIMMONS** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **C.O. NOLAN, et al.** | : | **NO. 07-3373** |

M E M O R A N D U M   A N D   O R D E R

Co-plaintiff, Charles A. Simmons, a prisoner, seeks to bring a civil action in forma pauperis,[1] without prepayment of fees or security therefor, asserting claims pursuant to 42 U.S.C. § 1983.  The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action or file an appeal in forma pauperis.

Under the Act, a prisoner bringing a civil action in forma pauperis must pay the full amount of the $350 filing fee. 28 U.S.C. § 1915(b)(1).  The prisoner must submit a certified copy of his prisoner account statement for the 6-month period immediately preceding the filing of his complaint so the Court can determine how the $350 filing fee will be paid.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined.  Id.  The Court must then "assess [the prisoner's

---

1.  Suits brought in forma pauperis are governed by 28 U.S.C. § 1915.

1

financial status] and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-- (A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint . . . ."

Based on Mr. Simmons's financial information, an initial partial filing fee of $4.53 is assessed.  The Warden or other appropriate official at the Philadelphia Prison System, where Mr. Simmons is presently confined, or at any prison at which plaintiff may be confined, will be directed to deduct $4.53 from plaintiff's prisoner account, when such funds become available, and forward that amount to the Clerk of the United States District Court for the Eastern District of Pennsylvania. Thereafter, each time that the balance in Mr. Simmons's prison account exceeds $10, an amount no greater than 20 percent of the money credited to his account during the preceding month will be deducted and forwarded to the Clerk of Court until the filing fee is paid.

Mr. Simmons may not have known when he brought this action that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the

Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

We shall give Mr. Simmons twenty (20) days from the date of this order to decide whether he wants to proceed with this case. If, by that time, he decides not to proceed with the case, he need not pay the $350 filing fee.

Accordingly, it is, this          day of May, 2008, hereby ORDERED that:

1.  Co-plaintiff, Nahja J. Simmons, is DISMISSED as a party to this action for failure to sign the complaint, and for failure to either pay the filing fee or to file a motion to proceed in forma pauperis. The Clerk of Court shall amend the docket accordingly;

2.  The motion to proceed in forma pauperis filed by Charles A. Simmons is DENIED WITHOUT PREJUDICE to its reassertion in accordance with the terms of this order;

3.  If Mr. Simmons files with the Court within twenty (20) days from the date of this order a notice that he wishes to proceed with this action and thereby obligate himself to pay the $350 filing fee, this action will be reinstated; and

4.  This case shall remain CLOSED for statistical purposes.

**BY THE COURT:**


/S/ JAMES T. GILES, J.

3

5